IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DONALD H. GAMBLE, JR.,                 )
                                       )
            Petitioner,                )
                                       )
      v.                               )          CV 118-204
                                       )
WARDEN, HAYS STATE PRISON,[1]          )
                                       )
            Respondent.                )
                                    _____

**O R D E R**
                                    _____

On September 13, 2019, the Court stayed and held in abeyance Petitioner's 28 U.S.C. § 2254 petition while Petitioner exhausted his state court remedies. (Doc. no. 19.) The Court also ordered Petitioner to file a motion to lift the stay after exhausting his state court remedies. (Id.) On September 24, 2019, Petitioner notified the Court he filed a second petition for a writ of habeas corpus, and, on September 26, 2019, the Court ordered the Clerk of Court to administratively close this action. (Doc. nos. 20, 21.) On July 28, 2026, Petitioner filed a motion to lift the stay, informing the Court he exhausted his state remedies, as Georgia Supreme Court denied a certificate of probable cause to appeal. (Doc. no. 25.)

Accordingly, the Court **GRANTS** Petitioner's motion to lift the stay, (id.), **LIFTS** the

---

[1] The proper Respondent is the current Warden at Hays State Prison, Petitioner's place of confinement. See Rule 2(a) of the Rules Governing § 2254 Cases. According to the Georgia Department of Corrections website, a warden has not yet been named after the passing of Joshua W. Jones. Therefore, pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to update the docket consistent with this Order and **DIRECTS** Respondent to notify the Court within ten days from the date a new warden is named.

stay and abeyance of Petitioner's § 2254 petition, and **DIRECTS** the Clerk of Court to **REOPEN** this case.

Petitioner shall have thirty days from the date of this Order to file any supplemental briefing. Prior to the stay and abeyance, Respondent argued only that Grounds Six and Seven of the federal petition were procedurally defaulted. (Doc. no. 15-1 at 13.) Accordingly, the Court **ORDERS** Respondent to respond to the allegations of the amended petition within sixty days from the filing of Petitioner's supplemental brief. Because of the time which has elapsed between the initial filings and the reopening of this case, Respondent is direct to file a responsive pleading to the entirety of Petitioner's amended petition which will supersede and replace the previous filing. Respondent shall also furnish the Court with the transcripts and records of any proceedings relating to the instant case that have not already been provided to the Court, including all transcripts, briefs, and court orders concerning Petitioner's second state habeas corpus petition.

SO ORDERED this 31st day of July, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA